```
                        UNITED STATES DISTRICT COURT
                        MIDDLE DISTRICT OF TENNESSEE
                              NASHVILLE DIVISION
```

In Re:                              )
                                    )
AREDIA and ZOMETA PRODUCTS          )    No. 3:06-MDL-01760
LIABILITY LITIGATION                )    Judge Campbell/Brown
(MDL No. 1760)                      )
                                    )
This Document Relates to            )
3:06-CV-0966 (Wilson)               )

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

For the reason stated below the Magistrate Judge recommends that this case be DISMISSED for failure to comply with the Court's scheduling order, for filing improper documentation under Rule 41, as well as failing to properly substitute for a deceased plaintiff in accordance with the scheduling order and Rule 25.

### BACKGROUND

This case was originally filed in the Southern District of New York by the Plaintiff Kathleen Wilson against Novartis Pharmaceutical Company (NPC) on August 4, 2006. At the time of filing she was a resident of Texas. If this case is remanded it will likely be tried in Texas. It was then transferred to this district a part of the master MDL case on November 13, 2006. At all times one of the counsel of record in this matter has been Plaintiff's present attorney, Daniel A. Osborn. The original scheduling order in this case (Docket Entry 89) recognized that due to the serious nature of many of the Plaintiffs' illnesses that some might die and the case management order, which was negotiated

between the parties, provided specific measure that should be taken in the event of the death of a Plaintiff (Docket Entry 89, pp. 12-13).

Plaintiff's counsel was required to file a suggestion of death that identified the Plaintiff and described the time, date, and circumstances of the Plaintiff's death within 30 days of the death of a plaintiff. Ninety days after the filing of the suggestion of death a motion of substitution as required by Fed. R. Civ. P. 25(a) was due. The order provides that if the actual appointment of the personal representative could not be made within the time prescribed Plaintiff's counsel could request a provisional substitution provided that counsel submitted to the MDL court information about the status of the appointment process. The order specifically provided that failure to comply with these requirements would entitle the Defendant to request a dismissal of Plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a).

Unfortunately, in far too many cases this requirement of Plaintiffs' counsel has been totally ignored.

In this case Ms. Wilson died on April 10, 2011. The suggestion of death was not filed until April 12, 2012, just over a year later (Docket Entry 20). In the suggestion of death it was stated that her husband, Dennis Wilson, the independent executor of her estate, could be substituted so that her claims survived

2

(Docket Entry 20). Accompanying this suggestion of death was a motion for substitution filed on behalf of Ms. Wilson (Docket Entry 21). This motion, dated April 13, 2012, stated that Dennis Wilson requests that the Court grant his request for substitution as Plaintiff in this action for his wife, Ms. Wilson. Attached as an exhibit to the motion was a copy of the letters testamentary appointing Mr. Wilson as executor under the laws of Texas (Docket Entry 21-1). The letters were issued on July 19, 2011. Despite the delay, the appointment appeared regular, and the Magistrate Judge granted the substitution of Mr. Wilson for Mrs. Wilson (Docket Entry 22).

Subsequently, on November 7, 2012, NPC filed a suggestion of death for both Mr. and Mrs. Wilson (Docket Entry 24) and in this motion they attached an obituary notice for Mr. Wilson stating that he had passed away on December 1, 2011. There appears to be no dispute that this is in fact when Mr. Wilson passed away. The certificate of service for this motion shows that it was served on liaison counsel, Mr. Flynn; counsel of record in this case, Mr. Osborn; and Mary Flick, the daughter of Mrs. Wilson.

Following this suggestion of death Plaintiff's counsel moved on February 1, 2013 (Docket Entry 30), to provisionally substitute Ms. Wilson's daughter, Mary Flick, as executrix of her estate. The motion further related that Ms. Flick had contacted a probate attorney in order to secure the necessary letters of

3

appointment.  This motion gave no hint that Mr. Wilson was dead at the time he was substituted in 2012.  NPC filed a notice of intent to oppose (Docket Entry 31 and 33).  While the filing of the notices was being straightened out the undersigned granted the motion for provisional substitution on February 5, 2013 (Docket Entry 32).  Plaintiff's counsel subsequently provided proof that Ms. Flick was granted letters testamentary on February 20, 2013 (Docket Entry 36).

### DEFENDANT'S CONTENTION

On February 25, 2013, NPC filed their motion to vacate the Court's original substitution order of Mr. Wilson, as well as the later substitution of Mary Flick (Docket Entry 37).  They pointed out that while Mr. Wilson died on December 1, 2011, over four months later, Plaintiff's counsel filed a suggestion of death and requested the appointment of Mr. Wilson as executor of the estate of his wife.  They point out that the appointment of an executor who is deceased at the time is void *ab initio*.  They note that there was nothing in the original motion that in any way indicated that Mr. Wilson was deceased and Plaintiff's counsel represented that at the time of the motion in April, Mr. Wilson was the appointed independent executor of the Plaintiff's estate and therefore alive at the time of the motion.

They further point out that Plaintiff's counsel never revealed to the Court or NPC that Mr. Wilson was deceased.  It was

4

only after NPC filed a suggestion of death on November 7, 2012, that Plaintiff's counsel took any action concerning the death of Mr. Wilson. Even then there was no mention of the fact that Mr. Wilson was deceased at the time he was appointed executor of his wife's estate. There was simply a motion to substitute the daughter for her deceased mother. NPC further argues that Plaintiff's counsel has not shown any good faith basis or excusable neglect for delaying until February 1, 2013, any attempt to substitute a proper personal representative for Ms. Wilson, who died on April 10, 2011. NPC, apparently anticipating that Plaintiff's counsel would contend that proper notice was never served in accordance with Rule 25, attached a letter dated January 29, 2013 (Docket Entry 37-1), to NPC counsel from Mr. Osborn stating "Please be advised that our firm represents all family members and thus all communication to those family members should be directed to us. As you know in the six-plus years of the multi-district litigation, there is not a single case in which my firm has not represented all of the spouses and family members of my clients. Nothing has changed that would affect that practice."

NPC contends that because of the violation of the case management order (Docket Entry 89) the misrepresentation of the status of Mr. Wilson to the court (Docket Entry 21) filed on April 13, 2012, this case must be dismissed (Docket Entry 37). NPC also filed a reply (Docket Entry 48) which provided pleadings and orders

5

from Judge McBride from the Northern District of Texas. Judge McBride has pointed out serious misconduct in the *Jacqueline Wilson* case which started out as an MDL case filed by Mr. Osborn. The issue concerning violation of the scheduling order and proper substitution were very similar to the present case. Judge McBride dismissed the case before him (Docket Entry 48-2).

### PLAINTIFF'S CONTENTION

In the response to this motion the only explanation of why counsel filed a motion to substitute Mr. Wilson for Mrs. Wilson on April 13, 2012, when Mr. Wilson had been dead since December 1, 2011, was the statement "Unbeknownst to counsel, back in December 2011, Mr. Wilson, devastated by the loss of his wife, took his own life." (Docket Entry 44, p. 3).

Plaintiff's counsel contends that his notice of a suggestion of death for Mrs. Wilson, which he filed on April 12, 2012, was ineffective because he failed to serve the proper party-- the daughter. He contends that the only proper filing of a suggestion of death was NPC's November 7th filing that identified the death of both Mr. and Mrs. Wilson, which was served on the daughter, Mary Flick. He states that only in January of 2013 did Ms. Flick contact his office regarding representation and her substitution as Plaintiff in this case and that, based on the November 7th suggestion of death, the motion to substitute Ms. Flick was within 90 days.

6

Plaintiff's counsel in his response (Docket Entry 44) provides no explanation whatever about his letter in January 2013 specifically notifying NPC that he represents all family members and has done so in all cases for the post six years, or why he was not aware of the status of the original Plaintiff prior to April 2012, or her husband prior to November 7, 2013.

**LEGAL DISCUSSION**

The Magistrate Judge agrees with the Defendant's contention and their reading of the schedule order and the case law. The Plaintiff has clearly violated the scheduling order in this matter. There was an initial failure to promptly notify the Court of the death of Ms. Wilson. This failure was compounded by the filing of a motion to substitute Mr. Wilson as the executor some four months after Mr. Wilson died. The only explanation for substituting a dead person was that his death was unbeknownst to the Plaintiff's counsel. Surely, before filing a motion for substitution, counsel would have had some conference with Mr. Wilson or the family and would have, at the very least, sent them a copy of the motion and the Court's order. Counsel did nothing to call to the Court's attention the fact that Mr. Wilson died on December 1, 2011, until NPC provided notice of Mr. Wilson's death, almost a year later.

The Magistrate Judge considers this a fraud on the court, which justifies the sanction of dismissal apart from any issues of notice under Rule 25.

Concerning notice under Rule 25, with all due respect it appears to the Magistrate Judge to be disingenuous for an attorney to claim that his suggestion of death (Docket Entry 20) filed on April 12, 2012, was not properly served as he did not represent the daughter, while notifying NPC that they may not contact family members because he represents all of the family members. To put it bluntly, counsel cannot have it both ways. He either represents them, or he does not. Putting the case in the best light the estate was unrepresented by a properly substituted executor from April 10, 2011, when Ms. Wilson died, until at the earliest, February 1, 2013, some 20 months later.

The Magistrate Judge has repeatedly warned counsel in this matter of the necessity of keeping up with their clients and maintaining at least some minimal contact with them.

Plaintiff's counsel has repeatedly requested the Court to expedite the handling of these cases and to have them remanded back to the original courts. This case was in the first wave of such cases, which had a discovery cut-off of March 1. Even though this case was designated for inclusion in the first wave in August 2012 it was not the Plaintiff's counsel who discovered the death of Mr. Wilson, it was NPC. Counsel has provided absolutely no explanation

8

for how or why this occurred. The Magistrate Judge, therefore, cannot find any basis for granting relief under excusable neglect. As NPC points out, they have been stymied in their efforts to take depositions and to move this case forward in accordance with the Court's scheduling order. Plaintiff's counsel has failed to comply with the basic scheduling order in this case. The Magistrate Judge notes that at the time that scheduling order was entered the Plaintiff's counsel was a member of the Steering Committee that helped draft it.

The Court has repeatedly warned counsel of the necessity of keeping up with their clients. Rather than doing this Plaintiff's counsel grossly misled the Court by initially requesting the appointment as personal representative of the original Plaintiff her husband, who unfortunately, had been dead some four months.

### RECOMMENDATION

The Magistrate Judge recommends that the substitution of Ms. Mary Flick be set aside in this case and this case be DISMISSED with prejudice and that all other motions be TERMINATED as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed

in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 10th day of April, 2013.

/s/ Joe B. Brown<br>
JOE B. BROWN<br>
United States Magistrate Judge